# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER ADAM DOLLAR,<br>    *Petitioner*,<br>vs.<br>GREGORY SMITH, *et al.*,<br>    *Respondents*. | 2:13-cv-01952-JCM-GWF<br><br>ORDER |

This habeas matter under 28 U.S.C. § 2254 comes before the court on petitioner's application (#1) to proceed *in forma pauperis*, motion (#2) for leave to file excess pages, and motion (#3) for appointment of counsel.

The court finds that petitioner is unable to pay the filing fee and therefore will grant the pauper application.

The court will grant the motion for appointment of counsel in light of: (a) petitioner's allegation that defense counsel did not adequately investigate whether he was competent to enter a voluntary plea, including investigation of social security administration records; and (b) the relatively lengthy aggregate sentencing "tail" of nineteen years.

IT THEREFORE IS ORDERED that petitioner's application (#1) to proceed *in forma pauperis* is GRANTED, such that petitioner will not be required to pay the filing fee.

IT FURTHER IS ORDERED that the motion (#2) for leave to file excess pages is GRANTED and that the clerk of court shall file the petition. The court's order does not signify that the pleadings are free of deficiencies. The *pro se* pleadings instead are being filed subject to the later filing of a counseled amended petition.

IT FURTHER IS ORDERED that the motion (#3) for appointment of counsel is GRANTED. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that the federal public defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate to the court the office's inability to represent petitioner in these proceedings. If the federal public defender is unable to represent petitioner, the court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The court anticipates setting the deadline for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims.

IT FURTHER IS ORDERED, so that the respondents may be electronically served with any papers filed through counsel, that the clerk shall add state attorney general Catherine Cortez Masto as counsel for respondents and shall make informal electronic service of this order upon respondents by directing a notice of electronic filing to her. Respondents' counsel shall enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further response shall be required from respondents until further order of this court.

The clerk accordingly shall SEND a copy of this order to the *pro se* petitioner (along with a copy of the papers that he submitted), the state attorney general, the federal public defender, and the CJA coordinator for this division. The clerk further shall regenerate notices of electronic filing of prior filings to both the attorney general and the federal public defender.

DATED: December 3, 2013.

_____
JAMES C. MAHAN
United States District Judge