# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTOPHER ADAM DOLLAR,<br><br>*Petitioner*,<br><br>vs.<br><br>GREGORY SMITH, *et al.*,<br><br>*Respondents*. | 2:13-cv-01952-JCM-GWF<br><br>ORDER |

This habeas matter comes before the court for initial review of the counseled amended petition (#16) and further on upon petitioner's motion (#14) to file under seal. Following review, a response is being ordered.

IT THEREFORE IS ORDERED that respondents shall file a response to the amended petition, including potentially by motion to dismiss, within **sixty (60) days** of entry of this order. **Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 4.**

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the counseled amended petition shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C.

§ 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss **not** in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by the parties by motion otherwise being subject to the normal briefing schedule under the local rules.

IT FURTHER IS ORDERED that petitioner's unopposed motion (#14) to file under seal is GRANTED, with the court finding, in accordance with the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), that a compelling need to protect the privacy, safety, and personal identifying information of petitioner and others in the presentence report outweighs the public interest in access to court records.

IT FURTHER IS ORDERED that any further hard copies of exhibits filed by either counsel shall be delivered – for this case – to the clerk's office in **Reno**. Any copies sent previously instead to Las Vegas, if any, need not be resent per this order.

DATED:  August 6, 2014.

_____
JAMES C. MAHAN
United States District Judge