# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER ADAM DOLLAR,

    *Petitioner*,

vs.

GREGORY SMITH, et al.,

    *Respondents*.

2:13-cv-01952-JCM-GWF

ORDER

This is a counseled, first-amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF #16). Before the court is respondents' motion to dismiss (ECF #21). Petitioner has opposed the motion (ECF #26), and respondents replied (ECF #29).

**I. Procedural History and Background**

On November 9, 2010, Christopher Adam Dollar ("petitioner") pled guilty to one count of conspiracy to commit robbery and one count of robbery (exhibits to motion to dismiss, ECF #21, exh. 3).[1] On January 27, 2011, the state district court sentenced petitioner to 19 to 48 months for conspiracy and a consecutive term of 60 to 180 months for robbery, with 104 days credit for time served. Exh. 8. The court entered the judgment of conviction on February 7, 2011. Exh. 9. On September 14, 2011, the Nevada Supreme Court affirmed his conviction. Exh. 14.

---

[1] All exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF #21, and are found at ECF #23.

On January 26, 2012, petitioner filed a pro per motion for modification of harsh sentence requesting that the court modify his sentence to 12 to 30 months, which was the term Parole and Probation had recommended. Exh. 16. On February 24, 2012, the state district court denied the motion. Exh. 17.

On May 3, 2012, petitioner filed a proper person postconviction petition for writ of habeas corpus in state district court. Exh. 18. The state district court conducted a limited evidentiary hearing at which petitioner's trial counsel testified regarding whether he had reason to question petitioner's competency and to seek a competency hearing. Exh. 22. The state district court entered its order denying the state postconviction petition on November 1, 2012, finding that petitioner received effective assistance of trial and appellate counsel. Exh. 24. On July 23, 2013, the Nevada Supreme Court affirmed the district court's denial of the petition, and remittitur issued on August 21, 2013. Exhs. 25, 26.

Petitioner dispatched his federal petition for writ of habeas corpus on or about October 14, 2013 (ECF #5). This court appointed counsel, and petitioner filed a counseled, first-amended petition on April 1, 2014 (ECF #16). Respondents argue that the single claim in the first-amended petition should be dismissed because it is unexhausted.

**II. Legal Standard for Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v.*

-2-

*Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).  However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based.  *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

**III.  Instant Petition**

The petition sets forth one ground for relief: that trial counsel rendered ineffective assistance of counsel prior to and during sentencing in violation of petitioner's Sixth Amendment rights, which directly served to deprive petitioner of the opportunity to receive a just and proportional sentence based upon a full and fair weighing of all information relevant to a fair adjudication (ECF #16, pp. 7-10). Petitioner attaches social security and school district records, which he alleges reflect that he was on disability as a child, some of his intelligence testing factors score below the mental retardation range, he has organic mental disorders, he cannot cook or perform tasks that require more than two steps, he

cannot multiply two-digit numbers, and he is not able to manage his funds. *Id*. at 8. Petitioner argues that defense counsel should have acquired these school district and social security records in order to present them at sentencing. *Id*.

In his state postconviction petition, petitioner presented three claims of ineffective assistance of counsel. Exh. 18. With respect to trial counsel, he alleged that counsel failed to arrange for a psychological evaluation of petitioner and failed to bring petitioner's psychological issues to the attention of the sentencing judge. *Id.* at 8-9. He argued that had trial counsel conducted a thorough investigation he would have discovered a documented psychological history kept by the Social Security Administration and as such, petitioner received an unfair sentencing hearing. *Id*. at 12.

In his opposition to respondents' motion to dismiss, petitioner explains that, in the course of this federal litigation, his counsel obtained and submitted his social security records; these are the records that petitioner claims his trial counsel failed to locate and submit as mitigating evidence during petitioner's sentencing. Petitioner still contends that the Nevada Supreme Court has ruled on the "core sentencing IAC claim" that he raises here. However, petitioner acknowledges that this documentation may render his federal claim unexhausted. Moreover, petitioner states that he has returned to state court and filed a motion to correct an illegal sentence or in the alternative a successive postconviction petition. He informs this court that the state district court dismissed the second state postconviction petition as successive and time-barred, and that he awaits the Nevada Supreme Court's disposition of his appeal of that dismissal. *Id*. at 7, n.4.

Petitioner claims that, even though unexhausted, his federal petition is not subject to dismissal (ECF #26, p. 2). Instead, he argues that because he has little hope that the Nevada Supreme Court will grant him relief, the Ninth Circuit teaches in *Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014), that at this juncture this court should anticipate that the state supreme court will affirm the dismissal of his claim as procedurally barred and proceed with an analysis pursuant to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). *Id*. However, as respondents note, the practice in this court has not been to default to a position that it will deem that the state court would bar the claim and ignore the actual remedy the petitioner has within state court. *See, e.g.*, *White v. McDaniel*, No. 3:10-cv-00803-HDM-WGC, 2014 WL898112 (D. Nev., March 6, 2014). A claim remains unexhausted until the petitioner has given the

-4-

highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey,* 386 F.3d at 916; *Garrison,* 653 F.2d at 376. Accordingly, petitioner's claim is unexhausted until his state proceedings conclude.

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Petitioner urges that this court may stay this petition under *Rhines v. Weber*, 544 U.S. 269, 276, (2005). However, a *Rhines* stay is only available in the event of a "mixed" petition, that is, a petition that contains both exhausted and unexhausted claims. *Id*. Because the petition before the court contains one claim for relief, and that claim is unexhausted, the petition must be dismissed without prejudice as unexhausted.

**IV. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* Pursuant to Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meets the standard. The court will therefore deny petitioner a certificate of appealability.

## V. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF #21) is **GRANTED**.  The petition is **DISMISSED** without prejudice as unexhausted.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' two motions for extension of time (ECF #s 20 and 28) are both **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that petitioner's motion for extension of time (ECF #24) is **GRANTED** *nunc pro tunc*.

Dated August 26, 2015.

_____
UNITED STATES DISTRICT JUDGE